IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

RESOURCES L OB,                          )
                                         )
            Plaintiff,                   )    TC-MD 140116C
                                         )
      v.                                 )
                                         )
CLACKAMAS COUNTY ASSESSOR,               )
                                         )
            Defendant.                   )    **FINAL DECISION**

This Final Decision incorporates without change the court's Decision entered

September 9, 2014. The court did not receive a request for an award of costs and disbursements

within 14 days after its Decision was entered. *See* TCR-MD 19.

## I.  INTRODUCTION

Plaintiff appeals the real market value of property identified as Account 00173797

(subject property) for the 2013-14 tax year. (Ptf's Compl at 1.) In its Answer to Plaintiff's

Complaint, Defendant counterclaimed for an increase in the real market value (RMV). (Def's

Answer at 1.) On the day of trial, Defendant advised the court of its intent to amend its request

to seek a higher RMV based on its appraisal prepared for trial.

The matter was set for trial, to be held in the Oregon Tax Court Mediation Center on

September 3, 2014, in Salem, Oregon. James E. Redman (Redman), attorney at law, appeared on

behalf of Plaintiff. Plaintiff's appraiser, Ryan S. Prusse (Prusse), MAI, was not present on the

morning of trial; Bradley S. Olson (Olson), Member of the Plaintiff LLC, was present and

available to testify on behalf of Plaintiff. Kathleen J. Rastetter (Rastetter), assistant county

counsel, appeared on behalf of Defendant. Ronald R. Saunders (Saunders), Registered

Appraiser, was present and available to testify for Defendant.

## II. DISCUSSION

At the commencement of trial, Plaintiff's representative Redman made an oral motion for a set over because his key witness, Prusse, an appraiser who had prepared for Plaintiff an appraisal report valuing the subject property, was not available to testify on the morning of trial. Redman explained that he had been unable to reach Prusse or anyone at Prusse's office by telephone either on the day prior to trial or on the morning of trial. Redman further advised the court that there was another appraiser and a support staff in Prusse's office, which is located in Wilsonville, Oregon.[1]

The court denied Redman's rescheduling request based on Tax Court Rule-Magistrate Division (TCR-MD) 2 D. That rule provides in relevant part:

> "Requests to reschedule mediation and trial proceedings set at a case management conference will not be granted except in *exceptional circumstances*."

TCR-MD 2 D (emphasis added).

The trial in this case was set at an earlier case management conference. Under the court's rule set forth above, the request to reschedule requires an "exceptional circumstance." TCR-MD 2 D. The unexplained absence of a witness is not in exceptional circumstance sufficient to justify the set over of a trial, particularly where the request is made to the court, in the courtroom, on the day of trial.

After denying Plaintiff's initial request to reschedule, Redman narrowed his request for a set over (rescheduling) by asking the court to allow him one day to try and ascertain why Prusse was not present at the trial. The court denied *that* request because one of the two other

---

[1] Although the parties' exhibits were not introduced into evidence at trial, their exhibits were exchanged prior to trial pursuant to Tax Court Rule-Magistrate Division (TCR-MD) 10 C(1). Among the exhibits exchanged by Plaintiff prior to trial is Prusse's appraisal report, marked as Plaintiff's Exhibit 9. Page 1 of that report provides information as to the members of Prusse's appraisal company, RSP & Associates LLC, and the company's address.

employees in Prusse's office should have been available by phone the day before, or the morning of, trial, to explain Prusse's situation (i.e., why he was not available to testify on the day of trial). Under those facts, the court finds no reason to grant Plaintiff an additional day to attempt to make contact with its expert to determine whether his unavailability for trial was extreme enough to constitute an exceptional circumstance.

After the court's ruling, Plaintiff's representative Redman advised the court that he did not see any point in going forward with the trial in the absence of his key witness. The court then queried Defendant's representative Rastetter about her counterclaim, and she advised the court that Defendant was willing to withdraw its counterclaim for an increase in the RMV, and to stipulate to the $800,000 RMV currently on the assessment and tax rolls, as reduced by the county board of property tax appeals (Board) for the 2013-14 tax years.[2] Plaintiff's representative Redman conferred with his client Olson, a member of the Plaintiff LLC, and then advised the court it would accept the proposed stipulated RMV of $800,000. The court considered the matter and found the parties' agreement appropriate.

### III. CONCLUSION

The court concludes that the parties' oral agreement at trial to reduce the RMV of the subject property, identified as Account 00173797, to $800,000 for the 2013-14 tax year, should be, and is hereby, granted. Now, therefore,

/ / /

/ / /

/ / /

---

[2] The RMV for subject property prior to the Board's reduction was $904,022. Defendant in its Answer had counterclaimed for an increase in the RMV back to the $904,022, which was the county assessor's RMV before the Board's reduction, and advised the court that it had intended to seek a further increase in the RMV to $950,000, based on Defendant's trial appraisal.

IT IS THE DECISION OF THIS COURT that, based on the agreement of the parties, the real market value of the subject property, identified as Account 00173797, was $800,000 as of January 1, 2013.

Dated this ____ day of September 2014.

DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Dan Robinson on September 26, 2014. The Court filed and entered this document on September 26, 2014.*